Filed 8/7/15  P. v. Almodovar CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E062347 |
| v. | (Super.Ct.No. FSB1101911) |
| JOSE LUIS ALMODOVAR, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Kyle S. Brodie, Judge.  Affirmed.

Jeffrey S. Kross, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

**FACTUAL AND PROCEDURAL HISTORY**

A.   PROCEDURAL BACKGROUND

On November 5, 2012,[1] an amended information charged defendant and appellant Jose Luis Almodovar with molesting C.H. and P.H., sisters, in 2006 and 2007, and their cousin I.H. between May 4, 2005, and May 3, 2006, as follows:  (1) committing a lewd and lascivious act on a child under 14 under Penal Code[2] section 288, subdivision (a), on C.H. (counts 1-5), on P.H. (counts 17-19), and on I.H. (counts 23-25); (2) sexual penetration under section 289, subdivision (j), of C.H. (counts 7-12), and P.H. (counts 20-22); (3) committing sodomy under section 286, subdivision (c)(1), on C.H. (count 13); and (4) committing sexual intercourse and sodomy on a child 10 years younger than defendant under section 288.7, subdivision (a), on C.H. (counts 14-16).  The information also contained a multiple victim allegation under section 667.61, subdivisions (b) and (3).

Jury trial began on February 4, 2013.  During jury deliberations, the jury indicated that it was at an impasse on all counts.  After further deliberations the following day, the jury convicted defendant on counts 23, 24, and 25 (relating to I.H.), acquitted him on counts 18, 19, 21, and 22 (four of six counts relating to P.H.), and declared itself deadlocked on counts 1 through 16 (relating to C.H.), and counts 17 and 20 (relating to P.H.).  The court then declared a mistrial as to those 18 deadlocked counts.

---

[1]  The initial felony complaint was filed in April 2011.

[2]  All further statutory references are to the Penal Code unless otherwise indicated.

2

The People filed a second amended information on February 26, 2013, and recharged defendant in counts 1 through 16, regarding C.H.; and 17 and 20, regarding P.H. On June 19, 2014, the trial court granted the People's motion to dismiss all remaining charges.

On November 13, 2014, the court heard and denied defendant's motion for a new trial. The court then sentenced defendant to an aggregate prison term of 10 years, comprised of the middle term of six years on count 23, consecutive to two consecutive two-year terms (one-third the middle term) on counts 24 and 25, respectively. The court imposed statutory fines, fees and assessments, and awarded defendant presentence credit for a total of 1,247 actual days and 187 days local conduct credit, for a total of 1,434 days.[3] On November 13, 2014, defendant filed a timely notice of appeal.

B.    FACTUAL BACKGROUND

Defendant was born on April 20, 1984. In 2006 and 2007, defendant lived with his uncle, F., in a three-bedroom apartment in San Bernardino. F.'s fiancée Ma. and her children, C.H. (age 6), P.H. (age 9), and M.H. (age 11) also resided in the home.[4] F. and

---

[3] Defendant was arrested on June 15, 2011, and sentenced on November 13, 2014. This constitutes 1,248 days of actual presentence credit, one more day than the 1,247 days credited by the trial court. Defense counsel filed a request to correct the presentence credits in the trial court under section 1237.1. The correction was made by the trial court on July 29, 2015, and an amended abstract of judgment was filed on July 31, 2015.

[4] The ages of the children were the ages when defendant first moved into the house. Since defendant was convicted on charges relating only to I.H., the facts relating to C.H. and P.H. are omitted.

Ma. slept in the master bedroom; C.H. and P.H. shared a bedroom; and defendant slept in the bottom bunk bed in M.H.'s room.

F. kicked defendant out of the house after two years when defendant made a comment about Ma.'s thong underwear, which was sticking up above her waistband, then picked her up, carried her into her bedroom, and threw her on the bed. Defendant moved into a home in Redlands for a short time, then moved back to Indiana.

Ma.'s niece, I.H., was born in May of 1992. Although I.H. lived with her mother and sisters, she visited F. and Ma.'s house almost every weekend and stayed overnight. I.H. was 13 years old when defendant arrived.

One weekend, when she was 13 years old, I.H. was lying beneath a blanket on the bottom bunk (defendant's bed) in M.H.'s bedroom. She was watching television with her cousins. Defendant entered the darkened room, sat beside her, slid his hand under the blanket and beneath I.H.'s underwear, and rubbed her buttocks. I.H. told defendant to stop and he pulled his hand out. C.H. and P.H. left the room and M.H. went up to the top bunk to sleep. Defendant, who had been lying behind I.H., then pulled her closer to him. He then pulled her pants down to expose her buttocks, pulled his penis out of his shorts, and put it in her "butt." I.H. told defendant to stop because it hurt. Defendant stopped, then pulled her onto her back, and started to touch her vagina. I.H. did not scream or call out because she was afraid and feared it would ruin her aunt and uncle's relationship.

I.H. returned to visit her aunt and uncle the following weekend. Again, she was watching television on the bottom bunk when M.H. was sleeping in the top bunk.

4

Defendant sat behind her, slipped his hand beneath her shorts, and rubbed her vagina. Defendant pulled down her shorts and again put his penis in her "butt" for five to 10 minutes. Although it hurt, she did not scream because she was too scared. When defendant stopped, I.H. went into P.H.'s room.

I.H. returned to the house the following weekend. Again, when M.H. was asleep, defendant lied down behind her and put his penis in her "butt" and vagina. When she scooted away, he pulled her back towards him. She tried to scream but defendant put his hand over her mouth and told her to be quiet. She did not say anything because she was afraid.

I.H. skipped a week but returned to the house two weekends later, as well as the weekend following. On both occasions, defendant put his penis in her butt and vagina.

After the fifth incident, I.H. told her aunt that she was too busy at school and did not return to the house. She finally told P.H. what had happened approximately one year prior to trial, after P.H. told I.H. about her impending trial.[5] C.H. previously told I.H. that defendant had done things to her, but I.H. had not taken it seriously at the time and she never told anyone.

---

[5] The original information, filed November 10, 2011, charged defendant with 22 counts relating only to C.H. and P.H. Defendant was charged with acts against I.H. For the first time in a criminal complaint filed on February 17, 2012, which acts were charged as counts 23, 24, 25 in the amended information.

**DISCUSSION**

After defendant appealed, and upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 setting forth a statement of the case, a summary of the facts, and potential arguable issues, and requesting this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, and he has not done so. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no error.

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER _____

J.

We concur:

KING _____

Acting P. J.

CODRINGTON _____

J.